UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION "J" |
| This Document Relates to: | § § | JUDGE BARBIER |
| Nos. 10-2771, 10-3059, 10-4182, 10-4183, 11-0516, 13-2749, 13-2890, 13-2813, 13-3031, 13-4677, and 14-0614 | § § | MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER OF DISMISSAL
OF THE GULF STATES' CLAIMS AGAINST THE BP ENTITIES**

**WHEREAS**, the State of Alabama filed two complaints on August 12, 2010, captioned *Alabama v. BP PLC*, Case Nos. 2:10-cv-690 (M.D. Ala.) and *Alabama v. Transocean, Ltd., et al*, Case No. 2:10-cv-691 (M.D. Ala), which were transferred to Case No. 2:10-cv-4182 (E.D. La.) and Case No. 2:10-cv-4183 in MDL 2179.  The State of Alabama filed first amended complaints in 2:10-4182 and 2:10-4183 on April 7, 2011 in MDL 2179.  The State of Alabama filed an amended complaint on May 15, 2013, captioned *Alabama v. BP PLC, et al.*, Case No. 2:13-cv-252 (M.D. Ala), that was transferred to Case No. 2:13-2813 (E.D. La.) in MDL 2179.  Alabama's further amended complaint alleges, among other things, that BPXP and certain other BP Entities violated the Alabama Environmental Management Act, Ala. Code. §§ 22-22A-1 *et seq.*, the Alabama Water Pollution Control Act, Ala. Code § 22-22-1 *et seq.*, the Alabama Air Pollution Control Act, Ala. Code § 22-28-1 *et seq.*, the Alabama Hazardous Wastes Management Act, Ala. Code § 22-30-1 *et seq.*, and the Alabama Solid Waste and Recyclable Materials Management Act, Ala. Code § 22-27-1 *et seq.*  Alabama's amended complaint also sought costs associated with oil spill response actions,

1

punitive damages and compensatory damages, including, without limitation, damages to State properties, lost tax, and other revenues, under the Alabama Water Pollution Control Act, OPA, general maritime law, and common law.

**WHEREAS**, the State of Florida filed a first amended complaint on April 20, 2013, captioned *State of Florida v. BP Exploration & Production, Inc., et al.*, Case No. 5:13-cv-00123 (N.D. Fla.), that was transferred to Case No. 2:13-2890 (E.D. La.) in MDL 2179.  Florida's amended complaint alleges, among other things, that BPXP and certain other BP Entities are liable for damages, including, but not limited to, loss of taxes, under OPA, common law, and general maritime law, and punitive damages under general maritime law and Florida law. The Trustees for the natural resources of the State of Florida filed a complaint on March 5, 2014, captioned *Vinyard et al. v. BP Exploration & Production, Inc., et al.*, Case. No. 3:14-cv-00112 (N.D. Fla.), that was transferred to Case No. 2:14-614 (E.D. La.) in MDL 2179 on March 24, 2014. The Trustees for the State of Florida's complaint alleges, among other things, that BPXP and certain other BP Entities are liable for removal costs and natural resource damages under OPA.

**WHEREAS**, the State of Louisiana filed a first amended complaint on April 19, 2011, captioned *State of Louisiana v. BP Exploration & Production, Inc.*, Case Nos. 11-cv-0516 (E.D. La.) and 10-cv-03059 (E.D. La.) in MDL 2179.  Louisiana's amended complaint alleges, among other things, that BPXP and certain other BP Entities violated the Louisiana Environmental Quality Act/Water Control Law, La. R.S. § 30:2011 *et seq*., § 30:2071 *et seq*., and are therefore liable for civil penalties under that statute. Louisiana's amended complaint also sought costs associated with oil spill response actions and damages, including, without limitation, damages to State property, costs of increased public services, and lost revenues, pursuant to OPA, and the Louisiana Oil Spill Prevention and Response Act, La. R.S. § 30:2451 *et seq.*

**WHEREAS**, the State of Mississippi filed a complaint on April 18, 2013, captioned *Hood v. BP Exploration & Production, Inc., et al.*, Case No. 1:13-cv-00158 (S.D. Miss.), that was transferred to Case No. 2:13-2749 (E.D. La.) in MDL 2179 on May 9, 2013. Mississippi's complaint alleges, among other things, that BPXP, certain other BP Entities, and other parties are liable for damages to the State, including for economic losses, and costs of providing increased public services under OPA and general maritime law, and for punitive damages under general maritime law. The State of Mississippi filed an additional complaint in the Circuit Court for the First Judicial District of Harrison County, Mississippi, on April 19, 2013, captioned *Hood v. BP Exploration & Production, Inc., et al.*, bearing case number A2401-13-93 on the docket of said court. The aforesaid action was removed to the U.S. District Court for the Southern District of Mississippi, Case No. 1:13-cv-00206 on May 3, 2013, and was transferred to Case No. 2:13-3031 (E.D. La.) in MDL 2179 on May 20, 2013. Mississippi's additional complaint alleges, among other things, that BPXP, certain other BP Entities, and other parties violated the common law, Mississippi Air and Water Pollution Control Law, Miss. Code Ann. § 49-17-1 *et seq.*, the Antiquities Law of Mississippi, Miss. Code Ann. § 39-7-1 *et seq.*, the Solid Waste Disposal Law of 1974, Miss. Code Ann. § 17-17-1 *et seq.*, and Miss. Code Ann. § 29-1-19, and therefore are liable for civil penalties under those statutes. Mississippi's additional complaint also sought costs associated with economic, compensatory, and punitive damages, including, without limitation, damages to State properties, and lost tax and other revenues under Mississippi law.

**WHEREAS**, the State of Texas filed a complaint on May 17, 2013, captioned *State of Texas v. BP Exploration & Production Inc., et al.,* Case No. 1:13-cv-315 (E.D. Tex.), that was transferred to Case No. 2:13-4677 (E.D. La.) in MDL 2179. In that action Texas filed an amended complaint on June 18, 2013. Texas' amended complaint alleges, among other things, that BPXP, certain other

3

BP Entities, and other parties are liable for civil penalties under Texas' Oil Spill Prevention and Response Act, Tex. Nat. Res. Code § 40.001 *et seq*., and the Texas Water Code, Tex. Water Code § 26.001 *et seq*. Texas' amended complaint also sought cost recovery and damages, including, without limitation, for lost tax revenues, lost state park revenues, and other economic damages, under OPA, the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq*., Texas' Oil Spill Prevention and Response Act, Tex. Nat. Res. Code § 40.001 *et seq*., and the Texas Water Code, Tex. Water Code § 26.001 *et seq*.

**WHEREAS**, the States of Alabama, Florida, Louisiana, Mississippi, and Texas have entered into a settlement agreement with BP Exploration & Production Inc. and other BP entities entitled "Settlement Agreement Between the Gulf States and the BP Entities with Respect to Economic and Other Claims Arising from the *Deepwater Horizon* Incident" (hereinafter "Gulf States Settlement Agreement") which, upon becoming effective, will fully settle and resolve all of the Gulf States' claims against BPXP and other BP Entities arising from the *Deepwater Horizon* incident other than those claims addressed by a Consent Decree Among BP Exploration & Production Inc., the United States of America, and the States of Alabama, Florida, Louisiana, Mississippi, and Texas (the "Consent Decree").

**WHEREAS**, the Consent Decree has been lodged with the Court on the 5th day of October, 2015.

**WHEREAS**, pursuant to its terms, the Gulf States Settlement Agreement becomes effective upon the entry of the Consent Decree by this Court.

**WHEREAS**, the States of Alabama, Florida, Louisiana, Mississippi, and Texas have filed a motion for dismissal of their claims pursuant to Federal Rule of Civil Procedure 41, which BPXP and other BP Entities have joined:

**IT IS HEREBY ORDERED:**

1. For the purposes of this Order, the following terms shall have the following definitions:

    a. "BP Entities" shall mean BP p.l.c., BP Corporation North America Inc., BPXP, and any parents, subsidiaries, successors, assigns, or affiliates, and, for each of the preceding, all of their current, future and former officers, directors, and employees.

    b. "Gulf States" shall mean the States of Alabama, Florida, Louisiana, Mississippi, and Texas together with the Gulf States' affiliates when used in the plural, and each of them individually and that respective Gulf State's affiliates when used in the singular. A Gulf State's affiliates shall include that Gulf State's branches, agencies, associations, authorities, boards, bureaus, councils, departments, educational institutions or systems, components, public benefits corporations, or other instrumentalities of any kind, administrators, elected or unelected officials, officers or delegates (other than in their individual capacities), assigns, insurers, attorneys, or other agents of any kind; provided however that a Gulf State's affiliates shall not include counties, parishes, municipalities, or any other local governmental or local political subdivisions authorized by law to perform local governmental functions.

    c. "Halliburton Entities" means Halliburton Company and Halliburton Energy Services, Inc.

    d. "Transocean Entities" means Transocean Deepwater, Inc., Transocean Holdings, LLC, Transocean, Inc., Transocean, Ltd., Transocean Offshore Deepwater Drilling, Inc., and Triton Asset Leasing GmbH, together with their parents, subsidiaries, affiliates, officers, directors, employees and agents.

2. Except for claims for natural resource damages and Clean Water Act penalties being addressed by the Consent Decree, all claims brought by each or any Gulf State against any BP Entity in MDL 2179, including but not limited to all claims set forth in the complaints or amended complaints identified in this Order, are hereby dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

3. If this Court enters the Consent Decree, thereby resulting in the Gulf States Settlement Agreement becoming effective, this dismissal shall be converted to a dismissal with prejudice upon such entry of the Consent Decree, and the complaints of the Gulf States identified herein shall be dismissed with prejudice.

4. These dismissals do not extend to the Gulf States' claims for punitive or exemplary damages against the Transocean Entities or Halliburton Entities arising from or related to the *Deepwater Horizon* incident.

5. This Court hereby retains jurisdiction over the Gulf States Settlement Agreement for the purposes of enforcement of its terms, and directs that any disputes arising thereunder shall be presented to the Court.

New Orleans, Louisiana, this 5th day of October, 2015.

**CARL J. BARBIER**
**United States District Judge**